## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY BAILEY,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0334**  (BOR Appeal No. 2046371)
                         (Claim No. 2009069395)

**BJ SERVICES COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Bailey, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. BJ Services Company, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 21, 2012, in which the Board affirmed an August 26, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 2, 2010, decision which denied the request to add lumbar disc herniation without myelopathy and paresthesia as compensable conditions of the claim. The Office of Judges also affirmed the claims administrator's October 27, 2010, decision which authorized temporary total disability benefits for the period of October 28, 2008, through February 19, 2009. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bailey worked as an oil pump operator for BJ Services Company. On October 26, 2008, Mr. Bailey was lifting a manifold when he suffered a low back injury. An MRI taken two months after the injury showed multilevel degenerative disc disease with spinal canal and foraminal narrowing. Mr. Bailey was then treated by Dr. Miele who diagnosed him with a

1

herniated nucleus pulposus at the L4-5 disc. Dr. Miele then performed an L4-5 hemilaminectomy, a right L4-5 microlumbar discectomy, and right L4 and L5 foraminotomies. Following these treatments, Mr. Bailey's claim was held compensable for a lumbosacral strain by a January 12, 2010, Order of the Office of Judges. The Office of Judges specifically stated that Mr. Bailey's bulging discs, multilevel degenerative disc disease, lumbar intervertebral disc disorder, herniated disc, and spondylosis were not compensable conditions of the claim. Mr. Bailey did not appeal the Office of Judges' Order. Dr. Miele then issued a letter stating that Mr. Bailey could not return to his previous job, which required extensive lifting, without risking further injury. Dr. Miele also filled out an updated diagnosis report in which he listed Mr. Bailey's primary diagnosis as lumbar disc herniation without myelopathy. He listed Mr. Bailey's secondary diagnosis as paresthesia. On October 27, 2010, the claims administrator authorized payment of temporary total disability benefits for the period of October 28, 2008, through February 19, 2009. On November 2, 2010, the claims administrator denied Dr. Miele's request to add lumbar disc herniation and paresthesia as compensable conditions of the claim. On August 26, 2011, the Office of Judges affirmed the October 27, 2010, and November 2, 2010, claims administrator's decisions. The Board of Review then affirmed the Order of the Office of Judges on February 21, 2012, leading Mr. Bailey to appeal.

The Office of Judges concluded that the requested additional diagnoses were not compensable conditions of the claim. The Office of Judges found that Mr. Bailey had a history of back problems, including a herniated disc, dating back to 2005. The Office of Judges noted that an MRI taken on November 15, 2005, showed a moderate disc bulge at L4-5 with impression on the left L5 nerve root, as well as a diffuse mild disc bulge at L5-S1 and L3-4. The Office of Judges found that the evidence in the record primarily documented Mr. Bailey's degenerative and pre-existing back condition. The Office of Judges also pointed to the January 12, 2010, Office of Judges' Order which specifically found that the claimant's herniations and disc bulges were not compensable conditions of the claim. The Office of Judges also concluded that there was no error in terminating Mr. Bailey's temporary total disability benefits as of February 19, 2009. The Office of Judges found that Mr. Bailey's current condition and symptoms were related to his multiple non-compensable diagnoses. The Office of Judges found that if Mr. Bailey was temporarily and totally disabled, it was the result of his non-compensable conditions. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Bailey has not demonstrated that the additional diagnoses are causally related to his compensable injury. He has not demonstrated that he received a lumbar disc herniation or paresthesia in the course of and resulting from his employment. The evidence in the record demonstrates that these conditions pre-existed his compensable lumbar strain. Although the reports and treatment notes of Dr. Miele confirm that Mr. Bailey had a herniated lumbar disc which required surgery, Dr. Miele does not provide an opinion relating to the cause of Mr. Bailey's symptoms. The evidence in the record also shows that any temporary and total disability that Mr. Bailey experienced beyond February 19, 2009, was not related to his compensable lumbar strain but to his non-compensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum